OPINION
{¶ 1} Defendant-appellant, John W. Patton, appeals from a judgment of the Franklin County Municipal Court finding him guilty of one count of assault in violation of R.C. 2303.13(A).
{¶ 2} By complaint filed July 3, 2001, appellant was charged with one count of assault. The complaint alleges that appellant punched Megan E. Dunton in the mouth, causing her injuries. After entering a not guilty plea, appellant proceeded to a jury trial. The jury found appellant guilty of the above charge and he was sentenced accordingly by the trial court. Appellant appeals, assigning the following errors:
{¶ 3} "[1.] The trial court errored [sic] in denying the defendant John W. Patton's motion for dismissal based upon lack of venue.
{¶ 4} "[2.] The trial court errored [sic] by violating the Ohio Constitution Article I Section 10, which provides that the accused be tried by an impartial jury of the county in which the offense is alleged to have been committed."
{¶ 5} The complaint charging appellant alleged that the offense occurred in "Franklin County/Columbus, Ohio." However, at some point during appellant's trial, it was brought to the court's attention that, while the alleged assault did occur in the city of Columbus, it took place in Fairfield County, not Franklin County. Subsequently, appellant moved for the dismissal of the complaint, alleging that the Franklin County Municipal Court was an improper venue to hear his case, and that the jury array was improperly drawn from Franklin County residents. The trial court denied appellant's motion, finding that venue was proper because the offense occurred in the city of Columbus. Additionally, the trial court overruled appellant's objection to the jury array, finding appellant had waived any error by failing to object to the array before voir dire as required by Civ.R. 24(E).
{¶ 6} Appellant's first assignment of error contends that the Franklin County Municipal Court was an improper venue for this matter because the alleged assault occurred in Fairfield County, not Franklin County. We disagree. This court has previously determined that venue is proper in the Franklin County Municipal Court for an offense that occurs in the city of Columbus, but in a county other than Franklin County. Columbus v. Bidlack (Aug. 1, 2000), Franklin App. No. 99AP-1412 (finding venue proper in Franklin County Municipal Court for an offense which occurred in the city of Columbus, Delaware County). Therefore, because the alleged assault occurred in the city of Columbus, venue was proper in the Franklin County Municipal Court.
{¶ 7} Moreover, appellant did not raise the venue issue until midway through his trial. Crim.R.12(D) requires all pre-trial motions except as provided in Crim.R. 7(E) (bill of particulars) and Civ.R. 16(F) (motion for discovery) to be filed within 35 days after arraignment or seven days prior to trial, whichever is earlier. This court has noted that it is not an abuse of discretion or error as a matter of law to deny a motion raising improper venue when the motion is not made until the day of trial. State v. Pausch (Jan. 28, 1999), Franklin App. No. 98AP-1096. In addition, even if venue had been improper, the appropriate remedy is the transfer of the case to another court, not the dismissal of the case. Id. Accordingly, the trial court did not err in denying appellant's motion to dismiss for improper venue. Appellant's first assignment of error is overruled.
{¶ 8} Appellant's second assignment of error contends that the trial court erred by impaneling a jury made up of Franklin County residents. Section 10, Article I of the Ohio Constitution provides, in pertinent part, that "[i]n any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed." Id. Appellant alleges that the trial court erred because the petit jury from which appellant's jury was selected was made up of Franklin County residents and not residents of Fairfield County, where the alleged assault occurred.
{¶ 9} Crim.R. 24(E) provides the proper procedure to be used to challenge an array of petit jurors "on the ground that it was not selected, drawn or summoned in accordance with the law." Such a challenge must occur before the voir dire of the array. Id. Appellant did not raise this issue until midway through the trial. Appellant alleges that he could not have made an objection before this point. We disagree. The alleged assault occurred at his neighbor's house, and appellant knew or should have known the county in which he and his neighbor lived. Appellant did not make a timely objection to the make-up of the array of the petit jury and, therefore, may not raise this issue as an assignment of error on appeal. State v. Farley (June 5, 1984), Champaign App. No. 83CA12 (noting that a challenge to jury array must be timely made pursuant to Crim.R. 24[E] to be addressed by appellate court); cf., State v. Bradley (Aug. 24, 1998), Clermont App. No. CA97-10-086. Therefore, appellant's second assignment of error is overruled.
{¶ 10} Having overruled appellant's two assignments of error, the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
TYACK, P.J., and PETREE, J., concur.